IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARTLETT ELLIOTT,

        Plaintiff,

vs.

CIVIL NO. 04-939 RB/LFG

ALBERT J. MONTOYA,
Sun Star Associates,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING WAIVER OF FEES
## AND DISMISSING LAWSUIT WITHOUT PREJUDICE

### Waiver of Filing Fee

Plaintiff Bartlett Elliott ("Elliott") seeks an order authorizing him to proceed with this litigation without payment of costs or fees. He seeks *in forma pauperis* status pursuant to 28 U.S.C. § 1915, which authorizes a court to waive those fees. The intent of the statute is to "guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Elliott submitted an affidavit indicating that he is unemployed and that the only source of income which he and his spouse have is a social security pension totaling $1,359. He asserts that he owns no real estate nor any significant assets. He contends that after payment of necessary living expenses, he is unable to prosecute this litigation in the absence of *in forma pauperis* status. Based on Elliott's affidavit, the Court determines that Elliott is indigent and authorizes the filing of his



complaint without prepayment of a filing fee.

## *Sua Sponte* Review of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, a court may conduct a *sua sponte* review of a complaint pursuant to this section, and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1108-09 (10th Cir 1991), and to ascertain of jurisdictional prerequisites are present. However, if the defect is in the pleading and the pleading may be cured by appropriate allegations, the dismissal of the complaint is generally without prejudice to allow the plaintiff to file a new complaint with valid allegations. On the other hand, if it would be futile to attempt an amendment, the Court may dismiss the complaint with prejudice.

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Elliott's complaint for damages.

## Allegations of Federal Court Jurisdiction

Elliott attempts to invoke the Court's jurisdiction pursuant to 42 U.S.C. § 1983, (Complaint,

2

p. 1), and therefore asserts jurisdiction pursuant to 28 U.S.C § 1343(a)(3). (Complaint, p. 2, ¶ 4). Section 1343(a)(3) establishes federal court jurisdiction "[t]o redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . ."

Section 1983 claims allow for court relief when a party's federally protected rights have been violated by state or local officials or other persons acting under color of state law. Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federal right," and, (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

Elliott makes vague and non-specific allegations that arguably go to the first element. He states that his lawsuit is for "HARASSMENT which is a federal crime . . . ." (*emphasis in original*). (Complaint, ¶ 1). He further states on page 3 of the Complaint, "Under the U.S. Constitution, we are guaranteed the right to privacy, peaceful enjoyment of the premises, and freedom from harassment." Given the liberal pleading construction afforded *pro se* litigants, these allegations may suffice to satisfy the first of the two part Gomez v. Toledo test. However, even if these allegations were sufficient to satisfy the "violation of a constitutional right," requirement, the second requisite element for asserting a § 1983 claim is missing. That is, Elliott has not demonstrated that Montoya is a state or local official acting under color of law.

The Complaint appears to arise out of either a breach of contract relating to a home mortgage

3

or a landlord-tenant dispute. It is not clear. Paragraph 1, page 2 of the Complaint asserts that the harassment arises out of Defendant Albert J. Montoya's attempt to collect money from Elliott, "on top of our assuming an existing mortgage of $44,475.00 @ 12% per annum, without qualifying." (*Emphasis in original*). The specific allegations of alleged wrongdoing are that Mr. Montoya trespassed on the property and taped a summons to the front door of the residence, and that he was not an official "process server," and instead the summons should have been mailed to Elliott. (Complaint, p. 2, ¶ 1).

Other parts of the pleading indicate that this lawsuit arose as a result of his landlord, Eduardo Garcia, and Defendant Albert J. Montoya bringing an eviction action against him and his spouse. (*See* attachments to Complaint). Even assuming these allegations are true, they are insufficient to state a § 1983 claim. That is, Elliott must demonstrate that whoever is depriving him of federally protected rights is acting under color of state law. Nowhere in the Complaint does Elliott contend that anyone acting to deprive him of a right is acting under color of state, local, territorial or District of Columbia law. 42 U.S.C. § 1983.

Elliott must plead and prove that a state or local official acting in conformity with or in violation of state law deprived him of a federal right, or that a private person jointly engaged with state officials in the prohibited action. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157 n.5, 98 S. Ct. 1729, 1734 n.5 (1978) (*quoting* Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605 (1970).

Defendant Montoya is not identified as a state or local officer acting under color of state or local law. Elliott fails to demonstrate how the claims are actionable at all as a civil rights claim. Even if Montoya trespassed on Elliott's private property and posted a summons on the door, the

4

allegation fails to rise to the level of any constitutional violation. Nor for that matter is the initiation of a civil lawsuit against an individual a violation of the United States Constitution. Gritchen v. Collier, 254 F.3d 807 (9th Cir. 2001)(police officer's threat to sue a motorist for defamation after motorist filed complaint against officer's conduct at traffic stop held not action taken under color of state law); Colombo v. O'Connell, 310 F.3d 115 (2d Cir. 2002), *cert. denied*, 538 U.S. 961, 123 S. Ct. 1750 (2003)(no constitutional claim where incumbent school board member threatened to sue plaintiff if she did not cease her recall efforts against him).

## Conclusion

After conducting the *sua sponte* review pursuant to 28 U.S.C § 1915, the Court concludes that Elliott's Complaint fails to withstand scrutiny under Fed. R. Civ. P. 12(b)(6) and that there are inadequate allegations of federal jurisdiction. Accordingly, Elliot's Complaint will be dismissed without prejudice. Elliott may be able to cure his pleading defects so as to state viable causes of action, but if he files another complaint in federal court, he is admonished to comply with the investigative and pleading strictures of both Fed. R. Civ. P. 8 and Rule 11

IT IS ORDERED that the Complaint and this action are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE